**TOBIN, SULLIVAN, FAY & GRUNEBAUM**

*ATTORNEYS AT LAW*
60 WILLIAM STREET
WELLESLEY, MASSACHUSETTS 02481
TELEPHONE (781)237-0877
FACSIMILE (781)237-1101

November 30, 2004

United States District Court
For the District of Massachusetts
Central Division
595 Main Street, Suite 502
Worcester, MA 01608

    Re:    Debra M. Bonin, Administrator of the Estate of Kimberly M. Bonin v.
           Geraldine J. Brady and Knight Transportation Civil Action #04-40234FDS

Dear Sir or Madam:

Enclosed for filing in connection with the Notice of Removal previously filed, please find certified copies of all pleadings from Worcester Superior Court in the State Court Civil Action No. 2004-1934A.

Please date-stamp the enclosed copy of this letter to acknowledge receipt of the certified pleadings and return it to us in the self-addressed stamped envelope.

Thank you for your attention to this matter.

Very truly yours,

Tracy L. Davis

enclosures

cc:    Paul Mullan, Esq.

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04-1934 A | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| DEBRA M. BONIN, ADMINISTRATOR OF THE ESTATE OF KIMBERLY M. BONIN | GERALDINE J. BRADY and KNIGHT TRANSPORTATION |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Paul Mullan, Esquire 285 Main Street, Worcester, MA 01608 Board of Bar Overseers number:  558238  (508)756-4250 | 35 |

## Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial)  (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial)  (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Accident ( F ) | | ( x ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .

Subtotal $. . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F. Other documented items of damages (describe)

$. . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Wrongful death action.

$. . . . . . . . . . .

TOTAL $. . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**A true copy by photostatic process**
Attest: _____
**Asst. Clerk**

TOTAL $. . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____                DATE: 10/5/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

## CIVIL ACTION COVER SHEET
### INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| | CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative | (X) |
| A02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | | Agency G.L. c. 30A | |
| A03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E03 | Action against Commonwealth | |
| A08 | Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | | Municipality, G.L. c.258 | (A) |
| A12 | Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E05 | All Arbitration | (X) |
| A99 | Other (Specify) | (F) | C99 | Other (Specify) | (F) | E07 | c.112,s.12S (Mary Moe) | (X) |
| | **TORT** | | | | | E08 | Appointment of Receiver | (X) |
| B03 | Motor Vehicle negligence- | | | **EQUITABLE REMEDIES** | | E09 | General contractor bond, | |
| | personal injury/property damage | (F) | D01 | Specific performance of contract | (A) | | G.L. c.149,s.29,29a | (A) |
| B04 | Other negligence-personal | | D02 | Reach and Apply | (F) | E11 | Workman's Compensation | (X) |
| | injury/property damage | (F) | D06 | Contribution or Indemnification | (F) | E14 | Chapter 123A Petition-SDP | (X) |
| B05 | Products Liability | (A) | D07 | Imposition of Trust | (A) | E15 | Abuse Petition, G.L.c.209A | (X) |
| B06 | Malpractice-medical | (A) | D08 | Minority Stockholder's Suit | (A) | E16 | Auto Surcharge Appeal | (X) |
| B07 | Malpractice-other(Specify) | (A) | D10 | Accounting | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) | D12 | Dissolution of Partnership | (F) | E18 | Foreign Discovery proceeding | (X) |
| B15 | Defamation (Libel-Slander) | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E96 | Prisoner Cases | (F) |
| B19 | Asbestos | (A) | D99 | Other (Specify) | (F) | E97 | Prisoner Habeas Corpus | (X) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | E99 | Other (Specify) | (X) |
| B21 | Environmental | (A) | | | | | | |
| B22 | Employment Discrimination | (F) | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes ☐ No |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT,  BUFF COLOR PAPER.

## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

DEPARTMENT OF THE TRIAL COURT
SUPERIOR COURT
CIVIL ACTION NO.

04-1934 A

DEBRA M. BONIN, ADMINISTRATOR )
OF THE ESTATE OF KIMBERLY M. )
BONIN )
    Plaintiff )
)
vs. )
)
GERALDINE J. BRADY and )
KNIGHT TRANSPORTATION )
    Defendants )

COMPLAINT

**FILED**

OCT 0 5 2004

ATTEST:

CLERK

COUNT I

1.  The plaintiff, Debra M. Bonin, Administrator of the Estate of Kimberly M. Bonin, is a Massachusetts resident of Shrewsbury, Worcester County, Massachusetts.

2.  The defendant, Geraldine Brady, is a resident of Lithonia, Georgia.

3.  On June 13, 2003 the defendant, Geraldine Brady, with the consent of Knight Transportation and its agent, servant and employee operated a motor vehicle on Interstate I290, a public way in the City of Worcester in such a negligent manner that by reason thereof an accident was caused.

4.  As a result of the collision caused by the defendant, its agent, servant and employee the deceased, Kimberly M. Bonin, was caused wrongful death.

Wherefore, the plaintiff, Debra M. Bonin, Administrator of the Estate of Kimberly M. Bonin demands judgment against the defendant, Geraldine Brady together with interest and costs.

COUNT II

5.  The plaintiff repeats and reavers the facts as alleged in paragraph 1-4.

6.  The defendant, Knight Transportation, is a corporation with a usual place of business in Phoenix, Arizona.

7.    On June 13, 2003 the defendant, Knight Transportation, was the owner of a vehicle operated by Geraldine Brady in such a negligent manner that by reason thereof an accident was caused.

8.    As a result of the collision caused by the defendant, its agent, servant and employee the deceased Kimberly M. Bonin was caused wrongful death.

Wherefore, the plaintiff, Debra M. Bonin, Administrator of the Estate of Kimberly M. Bonin demands judgment against the defendant, Knight Transportation together with interest and costs.

DEBRA M. BONIN, ADMINISTRATOR
OF THE ESTATE OF KIMBERLY M.
BONIN
By her attorney,

Paul Mullan, Esquire
255 Park Street
Worcester, MA 01609
(508)756-4250
BBO No. 558238

Dated:

A true copy by photostatic process
Attest:
Asst. Clerk

# The Commonwealth of Massachusetts

## Registry of Motor Vehicles

### One Copley Plaza Boston 02116

**Kimberly Hinden**
*Registrar*

FILED

OCT 2 8 2004

ATTEST:

Mail:
P.O. Box 199100
Boston, MA  02119-9100
www.mass.gov/rmv

October 25, 2004

Paul Mullan , Esq.            04-1934 A
255 Park Ave., Room 508
Worcester, MA 01609

RE: DEBRA M. BONIN, ADMINISTRATOR OF THE ESTATE OF KIMBERLY M.
BONIN VS. GERALDINE J. BRADY and KNIGHT TRANSPORTATION.
WORCESTER, SS., SUPERIOR COURT DEEPARTMENT- CIVIL ACTION NO#
14-1934-A

Dear Atty. Mullan:

The attached process has been served on the defendant pursuant to the provisions
of M.G.L. c. 90 §3C. Below please find the executed affidavit set forth in §3C, which by
law serves as prima facie evidence of service upon that party.

## AFFIDAVIT

This hereby certifies that the attached process served upon the Registrar of Motor
Vehicles was forwarded by mail October 21, 2004, postage prepaid, to Geraldine J.
Brady  at the last address appearing in the Registrar's records. This is in accordance with
the provisions of M.G.L. c. 90, §3C.

Signed under the pains and penalties of perjury on October 25, 2004.

Signed: _Kathleen Munson_
Kathleen Munson, Keeper of the Records

ba

A true copy by photostatic process
Attest: _____
Asst. Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

DEBRA M. BONIN, ADMINISTRATOR
OF THE ESTATE OF
KIMBERLY M. BONIN
    Plaintiff,

**04 - 40234 FDS**

v.

GERALDINE J. BRADY and
KNIGHT TRANSPORTATION

    Defendants.

NOV 15 2004

## <u>NOTICE OF REMOVAL</u>

The Notice of GERALDINE J. BRADY and KNIGHT TRANSPORTATION respectfully, shows:

1.    GERALDINE J. BRADY and KNIGHT TRANSPORTATION are the defendants in a civil action brought in the Superior Court of Worcester County, Civil Action Number 2004-1934A entitled, "Debra M. Bonin, Administrator of the Estate of Kimberly M. Bonin v. Geraldine J. Brady and Knight Transportation." The defendant, Knight Transportation, first received a copy of the Complaint in said action on or about October 22, 2004. Copies of the pleadings received by defendant, Knight Transportation is attached hereto as Exhibit A.



2.    The above described action is an action over which this court has jurisdiction and is removable under the provisions of Title, 28, United States Code §§1332 and 1441(a) and (b) in that it is a civil action between parties domiciled in different states, as more fully appears herein, and the plaintiff has made a demand for settlement in the amount of $1,500,000.00, therefore the

amount in controversy exceeds $75,000.

3.    Upon information and belief, based on the allegations in the Complaint, Plaintiff, Debra M. Bonin, is a Massachusetts resident of Shrewsbury, Worcester County, Massachusetts.

4.    Defendant, Geraldine J. Brady, is a resident of Lithonia, Georgia.

5.    Defendant, Knight Transportation, is an Arizona corporation with a usual place of business in Phoenix, Arizona.

WHEREFORE, the defendants pray that the above action now pending in the Superior Court of Worcester County be removed therefrom to this Court.


GERALDINE J. BRADY and
KNIGHT TRANSPORTATION

By their attorneys


Andrew J. Fay (BBO# 5500058)
Tracy L. Davis (BBO# 641440)
TOBIN, SULLIVAN, FAY& GRUNEBAUM
Wellesley Office Park
60 William Street
Wellesley, MA 02481
(781)237-0877


Dated: November 5, 2004


A true copy by photostatic process
Attest:
Asst. Clerk

## CERTIFICATE OF SERVICE

I, Tracy L. Davis, certify that a copy of the foregoing document was served via first class mail, postage prepaid, and via facsimile to counsel of record as follows:

Paul Mullan, Esq.
285 Main Street
Worcester, MA 01608

_Tracy L. Davis_

Dated: November 5, 2004

# EX. A

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

DEPARTMENT OF THE TRIAL COURT
SUPERIOR COURT
CIVIL ACTION NO. 04 - 1934 A

DEBRA M. BONIN, ADMINISTRATOR
OF THE ESTATE OF KIMBERLY M.
BONIN
     Plaintiff

vs.

GERALDINE J. BRADY and
KNIGHT TRANSPORTATION
    Defendants

)
)
)
)
)
)
)
)
)
)
)

COMPLAINT

## COUNT I

1.    The plaintiff, Debra M. Bonin, Administrator of the Estate of Kimberly M. Bonin, is a Massachusetts resident of Shrewsbury, Worcester County, Massachusetts.

2.    The defendant, Geraldine Brady, is a resident of Lithonia, Georgia.

3.    On June 13, 2003 the defendant, Geraldine Brady, with the consent of Knight Transportation and its agent, servant and employee operated a motor vehicle on Interstate I290, a public way in the City of Worcester in such a negligent manner that by reason thereof an accident was caused.

4.    As a result of the collision caused by the defendant, its agent, servant and employee the deceased, Kimberly M. Bonin, was caused wrongful death.

Wherefore, the plaintiff, Debra M. Bonin, Administrator of the Estate of Kimberly M. Bonin demands judgment against the defendant, Geraldine Brady together with interest and costs.

## COUNT II

5.    The plaintiff repeats and reavers the facts as alleged in paragraph 1-4.

6.    The defendant, Knight Transportation, is a corporation with a usual place of business in Phoenix, Arizona.

7.    On June 13, 2003 the defendant, Knight Transportation, was the owner of a vehicle operated by Geraldine Brady in such a negligent manner that by reason thereof an accident was caused.

8.    As a result of the collision caused by the defendant, its agent, servant and employee the deceased Kimberly M. Bonin was caused wrongful death.

Wherefore, the plaintiff, Debra M. Bonin, Administrator of the Estate of Kimberly M. Bonin demands judgment against the defendant, Knight Transportation together with interest and costs.

DEBRA M. BONIN, ADMINISTRATOR
OF THE ESTATE OF KIMBERLY M.
BONIN
By her attorney,

Paul Mullan, Esquire
285 Main Street
Worcester, MA 01608
(508)753-5353
BBO No. 558238

Dated: 10/5/04

I HEREBY ATTEST AND CERTIFY ON 11-8-04
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

TONY ANASTAS
CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY: Sherry Jones

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT
CIVIL ACTION NO.: 04-01934A

DEBRA M. BONIN, ADMINISTRATOR
OF THE ESTATE OF
KIMBERLY M. BONIN
       Plaintiff,

v.

GERALDINE J. BRADY and
KNIGHT TRANSPORTATION
      Defendants.

## ANSWER OF DEFENDANT, GERALDINE J. BRADY

### COUNT I

1.    The defendant, GERALDINE J. BRADY, is without knowledge sufficient to admit or deny the allegations of paragraph 1 of the plaintiff's Complaint.

2.    The defendant, GERALDINE J. BRADY, denies the allegations of paragraph 2 of the plaintiff's Complaint.

3.    The defendant, GERALDINE J. BRADY, denies the allegations of paragraph 3 of the plaintiff's Complaint.

4.    The defendant, GERALDINE J. BRADY, denies the allegations of paragraph 4 of the plaintiff's Complaint.

### COUNT II

5.    The defendant, GERALDINE J. BRADY, repeats and re-alleges it responses to paragraphs one through four of the Complaint as if set forth fully herein.

1

6.    The defendant, GERALDINE J. BRADY, admits the allegations of paragraph 6.

7.    The defendant, GERALDINE J. BRADY, denies the allegations of paragraph 7.

8.    The defendant, GERALDINE J. BRADY, denies the allegations of paragraph 8.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

There has been insufficient process and insufficient service of process on the defendant.

### SECOND DEFENSE

The plaintiff's decedent assumed the risk of injury or damage for which this action was brought and the plaintiff's recovery is thereby barred.

### THIRD DEFENSE

The plaintiff's decedent was comparatively negligent in causing the plaintiff's injury and the plaintiff's decedent's negligence was greater than that of the defendant and the plaintiff's recovery is thereby barred.

### FOURTH DEFENSE

The harm, if any, suffered by the plaintiff was caused by one for whose conduct the defendant is not legally responsible and the plaintiff's recovery is thereby barred.

### FIFTH DEFENSE

The defendant is exempt from liability to the plaintiff to the extent provided by Chapter 670, acts of 1970, as amended.

### SIXTH DEFENSE

The plaintiff's damage or injury was caused by the plaintiff's decedent's violation of law, statute or other regulation enacted to govern the conduct of the parties at the time and place of the

2

alleged accident.

## SEVENTH DEFENSE

The defendant is exempt from liability to the plaintiff pursuant to Mass. G. L. c. 90, § 34M.

## EIGHTH DEFENSE

The defendant states that plaintiff's claims are barred by estoppel or waiver.

## NINTH DEFENSE

The defendant states that the plaintiff is guilty of laches in bringing this action and is,

therefore, barred from recovery.

## TENTH DEFENSE

The plaintiff is barred from recovery against the defendant for the reason that even if the

defendant was negligent, which negligence the defendant expressly denies, such negligence was

not the proximate cause of the alleged injury suffered by the plaintiff but said injury was the result

of a superseding/intervening cause.

## JURY DEMAND

DEFENDANT, GERALDINE J. BRADY, HEREBY DEMANDS A TRIAL BY JURY AS
TO ALL ISSUES AND CLAIMS.

GERALDINE J. BRADY
By her attorneys,

Andrew J. Fay (BBO# 5500058)
Tracy L. Davis (BBO# 641440)
TOBIN, SULLIVAN, FAY& GRUNEBAUM
Wellesley Office Park
60 William Street
Wellesley, MA 02481

3

(781)237-0877

Dated: November 9, 2004

## CERTIFICATE OF SERVICE

I, Andrew J. Fay, certify that a true copy of the foregoing document was served via first class mail, postage prepaid, and via facsimile to counsel of record as follows:

Paul Mullan, Esq.
285 Main Street
Worcester, MA 01608

_____
Andrew J. Fay

Dated: November  9, 2004

A true copy by photostatic process
Attest:
Asst. Clerk

4

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT
CIVIL ACTION NO.: 04-01934A

DEBRA M. BONIN, ADMINISTRATOR
OF THE ESTATE OF
KIMBERLY M. BONIN
            Plaintiff,

v.

GERALDINE J. BRADY and
KNIGHT TRANSPORTATION
            Defendants.



## ANSWER OF DEFENDANT, KNIGHT TRANSPORTATION

### COUNT I

1.    The defendant, KNIGHT TRANSPORTATION, is without knowledge sufficient to admit
      or deny the allegations of paragraph 1 of the plaintiff's Complaint..

2.    The defendant, KNIGHT TRANSPORTATION, denies the allegations of paragraph 2 of
      the plaintiff's Complaint.

3.    The defendant, KNIGHT TRANSPORTATION, denies the allegations of paragraph 3 of
      the plaintiff's Complaint.

4.    The defendant, KNIGHT TRANSPORTATION, denies the allegations of paragraph 4 of
      the plaintiff's Complaint.

### COUNT II

5.    The defendant, KNIGHT TRANSPORTATION, repeats and re-alleges it responses to
      paragraphs one through four of the Complaint as if set forth fully herein.



1

6.    The defendant, KNIGHT TRANSPORTATION, admits the allegations of paragraph 6.

7.    The defendant, KNIGHT TRANSPORTATION, denies the allegations of paragraph 7.

8.    The defendant, KNIGHT TRANSPORTATION, denies the allegations of paragraph 8.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

There has been insufficient process and insufficient service of process on the defendant.

### SECOND DEFENSE

The plaintiff's decedent assumed the risk of injury or damage for which this action was brought and the plaintiff's recovery is thereby barred.

### THIRD DEFENSE

The plaintiff's decedent was comparatively negligent in causing the plaintiff's injury and the plaintiff's decedent's negligence was greater than that of the defendant and the plaintiff's recovery is thereby barred.

### FOURTH DEFENSE

The harm, if any, suffered by the plaintiff was caused by one for whose conduct the defendant is not legally responsible and the plaintiff's recovery is thereby barred.

### FIFTH DEFENSE

The defendant is exempt from liability to the plaintiff to the extent provided by Chapter 670, acts of 1970, as amended.

2

## SIXTH DEFENSE

The plaintiff's damage or injury was caused by the plaintiff's decedent's violation of law, statute or other regulation enacted to govern the conduct of the parties at the time and place of the alleged accident.

## SEVENTH DEFENSE

The defendant is exempt from liability to the plaintiff pursuant to Mass. G. L. c. 90, § 34M.

## EIGHTH DEFENSE

The defendant states that plaintiff's claims are barred by estoppel or waiver.

## NINTH DEFENSE

The defendant states that the plaintiff is guilty of laches in bringing this action and is, therefore, barred from recovery.

## TENTH DEFENSE

The plaintiff is barred from recovery against the defendant for the reason that even if the defendant was negligent, which negligence the defendant expressly denies, such negligence was not the proximate cause of the alleged injury suffered by the plaintiff but was the result of a superseding/intervening cause.

3

## JURY DEMAND

DEFENDANT, KNIGHT TRANSPORTATION, HEREBY DEMANDS A TRIAL BY JURY AS TO ALL ISSUES AND CLAIMS.

KNIGHT TRANSPORTATION
By their attorneys

Andrew J. Fay (BBO# 5500058)
Tracy L. Davis (BBO# 641440)
TOBIN, SULLIVAN, FAY& GRUNEBAUM
Wellesley Office Park
60 William Street
Wellesley, MA 02481
(781)237-0877

Dated: November 9, 2004

## CERTIFICATE OF SERVICE

I, Andrew J. Fay, certify that a true copy of the foregoing document was served via first class mail, postage prepaid, and via facsimile to counsel of record as follows:

Paul Mullan, Esq.
285 Main Street
Worcester, MA 01608

Andrew J. Fay

Dated: November 9, 2004

A true copy by photostatic process
Attest:
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss

SUPERIOR COURT
CIVIL ACTION NO.2004-1934A

DEBRA M. BONIN, ADMINISTRATOR
OF THE ESTATE OF
KIMBERLY M. BONIN
            Plaintiff,

v.

GERALDINE J. BRADY and
KNIGHT TRANSPORTATION

            Defendants.

## NOTICE OF FILING NOTICE OF REMOVAL
## TO UNITED STATES DISTRICT COURT

TO:    Paul Mullan, Esq.
       285 Main Street
       Worcester, MA 01608

       **PLEASE TAKE NOTICE** that GERALDINE J. BRADY and KNIGHT

TRANSPORTATION, defendants in the above-entitled action, did on November 5, 2004, file in

the United States District Court, Central Division, their Notice of Removal of said cause from the

above-referenced court to the said United States District Court.  A copy of the Notice of

Removal is attached hereto as Exhibit A.

A true copy by photostatic process
Attest:
       Asst. Clerk

GERALDINE J. BRADY and
KNIGHT TRANSPORTATION

By their attorneys

_Tracy L Davis_

Andrew J. Fay (BBO# 5500058)
Tracy L. Davis (BBO# 641440)
TOBIN, SULLIVAN, FAY & GRUNEBAUM
Wellesley Office Park
60 William Street
Wellesley, MA 02481
(781)237-0877

Dated: November 12, 2004

## CERTIFICATE OF SERVICE

I, Tracy L. Davis, certify that a copy of the foregoing document was served via first class mail, postage prepaid, and via facsimile to counsel of record as follows:

Paul Mullan, Esq.
285 Main Street
Worcester, MA 01608

_Tracy L Davis_

Tracy L. Davis

Dated: November 12, 2004

A true copy by photostatic process
Attest: _____ M _____
Asst. Clerk